UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANNE R. GEORGE, | CASE NO. 2:18-cv-01769-BJR |
| Plaintiff, | |
| v. | ORDER GRANTING MOTION FOR CONTEMPT AND SANCTIONS |
| LONNA L. JACKSON | |
| Defendants, | |

## I.  INTRODUCTION

This matter involves the allegation by Plaintiff Ann R. George, that her adult daughter, Defendant Lonna L. Jackson, misappropriated funds from Ms. George while acting as Ms. George's attorney-in-fact. In a previous order, this Court granted a third request by Defendant for an extension of time to produce written discovery and a Court-ordered accounting. Dkt. No. 45. The Court set the deadline for the production of these materials for August 23, 2019 but warned that "**NO FURTHER EXTENSIONS WILL BE GRANTED AND FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN SANCTIONS.**" *Id.* at 3 (emphasis in original). August 23 has come and gone and the parties have informed the Court that Defendant has still not fully complied with the Court's order. As such, the Court will grant Plaintiff's motion for contempt and sanctions. Dkt. No. 33. The reasoning for the Court's decision follows.

1

## II. BACKGROUND

As stated above, the underlying issue involves a claim by Plaintiff that her daughter, Defendant, misappropriated funds while serving as Plaintiff's attorney-in-fact.

Pursuant to Plaintiff's request, this Court ordered Defendant to provide an accounting of all of the financial transactions she performed while serving as Plaintiff's attorney-in-fact. Dkt. No. 27. The accounting was to be produced no later than June 4, 2019 and the Court warned that failure to comply would "result in a finding of contempt and sanctions." *Id.* at 2.

On June 4, Defendant moved for an extension of time to produce the accounting, Dkt. No. 30, and Plaintiff opposed noting that the request violated the Court's standing order that such motions be made three business days before expiration of the relevant deadline, Dkt. No. 31 at 2 (citing Dkt. No. 24 at 4). The Court granted the extension to June 25, 2019. Dkt. No. 32.

June 25, however, came and went with no production of the accounting. On June 27, Plaintiff moved for contempt and sanctions for Defendant's failure to produce the accounting. Dkt. No. 33. Defendant, in addition to failing to produce the accounting, failed to respond to the motion for sanctions. The Court scheduled a telephonic hearing to take place on August 2, 2019. Dkt. No. 36.

During the telephonic hearing, Plaintiff's counsel informed the Court that Defendant had, to that date, neither produced the required accounting nor any discovery requested by Plaintiff. Dkt. No. 36. Defendant's counsel provided no justification for Defendant's failure to produce the accounting, discovery, or her failure to respond to the motion for contempt and sanctions. The Court granted Plaintiff's reiterated motion to compel production and gave Plaintiff until August 9 to reply, a date by which Defendant's counsel assured the Court that production would be feasible.

August 9 came and went with no production. On August 12, Plaintiff provided notice of Defendant's continued failure to comply with this Court's orders. In response, the actual deadline having already passed, Defendant for a second time untimely moved for an extension of time. Dkt. No. 41. The Court, again, granted the motion for production this time no later than August 23, 2019, but specifically warned that "**NO FURTHER EXTENSIONS WILL BE GRANTED AND FAILURE TO COMPLY WITH THIS ORDER WILL RESULT IN SANCTIONS.**" Dkt. No 44 at 3 (emphasis in original).

On August 26, 2019, Plaintiff informed the Court that Defendant had not yet produced either the requested discovery nor the accounting. Dkt. No. 46. The Court ordered Defendant to respond no later than 5:00 pm on August 26, 2019. At 4:55 pm Defendant responded but provided no good cause for her failure to comply with the Court's multiple orders. Dkt. No. 48.

On August 28 the Court ordered the parties to provide briefing on their progress. Dkt. No. 49. Along with her response to the Court's order, Defendant provided the written discovery requested by Plaintiff and, as such, Plaintiff has withdrawn her motion for contempt and sanctions as to the failure to provide written discovery. Dkt. No. 54 at 1 n.1. Defendant also provided some bank records related to the accounting, Dkt. No. 52 at 2, but Plaintiff informs the Court that the records are incomplete and do not constitute a full accounting. Dkt. No. 54 at 2–3. Defendant states that her counsel "has been actively and thoroughly pursuing the bank records of Defendant and is currently still awaiting bank records from Wells Fargo and other relevant institutions." Dkt. No. 52 at 1–2; *see also* Dkt. No. 53 (declaration of defense counsel outlining recent efforts to

3

obtain bank records from Wells Fargo).[1]

### III. LEGAL STANDARD

"[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)); *see also Mitchell Repair Info. Co., LLC v. Rutchey*, No. 08-500, 2009 WL 10677092, at *2 (W.D. Wash. Oct. 8, 2009). Civil contempt, in turn, "is a refusal to do an act the court has ordered. . . ." *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) (quoting *In re Sequoia Auto Brokers Ltd., Inc.*, 827 F.2d 1281, 1283 n.1 (9th Cir. 1987)). A district court "has 'wide latitude in determining whether there has been a contemptuous defiance of its order.'" *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992) (quoting *Gifford v. Heckler*, 741 F.2d 263, 266 (9th Cir. 1984)).

During the course of a motion for sanctions, the moving party bears the burden of showing "that the non-moving party has violated a court order by clear and convincing evidence." *Ahearn ex rel. N.L.R.B. v. Int'l Longshore & Warehouse Union, Locals 21 & 4*, 721 F.3d 1122, 1129 (9th Cir. 2013). The alleged contempt "need not be willful." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (internal citations removed); *see also Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986) ("[f]ailure to comply need not be intentional"). "The burden then shifts to the contemnors to demonstrate why they were unable to

---

[1] The declaration by Defendant's defense counsel also states that counsel did not receive signed authorization from Defendant for the release of financial information until August 26, 2019 and that requests for records from Skagit Bank and Wells Fargo were not submitted until August 27, 2019 and September 3, 2019, respectively. Dkt. No. 53 at 1.

4

comply." *Stone*, 968 F.2d at 856 n.9. The nonmovant must show that they have taken "all reasonable steps" to comply with the Court's order. *Gen. Signal Corp.*, 787 F.2d at 1379. "[T]echnical or inadvertent violations of the order[, however,] will not support a finding of civil contempt." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1379 (9th Cir. 1986). The Court "may invoke its civil contempt power for two reasons: (1) 'to coerce the defendant into compliance with the court's order,' and (2) 'to compensate the complainant for losses sustained.'" *Nw. Administrators, Inc. v. JMR Trucking, Inc.*, No. 18-1525, 2019 WL 3996860, at *1 (W.D. Wash. Aug. 23, 2019) (quoting *Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016)).

"Once finding a party in contempt, federal courts also have broad remedial powers to address noncompliance." *Trueblood v. Washington State Dep't of Soc. & Health Servs.*, No. 14-1178, 2017 WL 4700326, at *5 (W.D. Wash. Oct. 19, 2017). Penalties may include "fines . . . and payment of the plaintiff's attorney's fees spent in obtaining compliance with the Court's orders." *Mitchell Repair Info.*, 2009 WL 10677092, at *2. Coercive penalties are to be paid to the court, *Gen. Signal Corp.*, 787 F.2d at 1380, while compensatory awards are "limited to 'actual losses sustained as a result of the contumacy,'" *id.* (quoting *Shuffler v. Heritage Bank*, 720 F.2d 1141, 1148 (9th Cir. 1983)).

## IV. DISCUSSION

Here, there can be little doubt as to Defendant's contemptuous behavior. Defendant has failed to meet this Court's deadline on four separate occasions: June 4, June 23, August 9, and August 23. On each occasion Defendant failed to notify the Court that she would not meet the deadline or timely request an extension. Additionally, Defendant violated the Court's standing

order on two occasions by filing a request for an extension of time after the deadline had actually past. *See* Dkt. Nos. 30 and 41. This count does not include the *de facto* extension the Court granted during the telephonic conference, extending the deadline for production as requested by Defendant to August 9, even though Defendant again failed to file a request in a timely manner to extend the deadline. And, most recently, Defendant provided her response to the Court's August 28 order a day late, demonstrating a continued failure to meet the Court's deadlines. The Court's repeated accommodation of Defendant's failure to comply with the Court's orders has been met with repeated and flagrant violations of those orders.

Defendant has been warned twice on paper and once orally of the consequences of noncompliance. The Court's August 18, 2019 Order warned Defendant in capital bolded letters and, yet, she has still not provided what has been requested of her. Further, it is incomprehensible to the Court why Defendant and her counsel waited until August 26, 2019 to take significant steps to comply with the Court's Order. Not until that day, according to Defendant's counsel, did she received a signed authorization from Defendant for the release of financial information from the relevant banks. Dkt. No. 53 at 1. August 29, to state the obvious, is well past the date the accounting was originally due, June 4, 2019. It is also well past nearly every other date set by the Court, including the teleconference hearing held on August 2 when Defendant's counsel informed the Court in no uncertain terms that she could and would provide the records no later than August 9. The Court finds that Defendant demonstrated a repeated pattern of ignoring the Court's orders. Therefore, the Court finds Defendant in contempt if its orders.

For continuing to violate the Court's orders, the Court will order a daily penalty of $100 for each day after the date of this order that the Defendant fails to provide the requested accounting.

6

Additionally, the Court finds that Plaintiff's attorney has established that his request for attorney's fees in the amount of $5,868.00 is reasonable and hereby orders Defendant to compensate Plaintiff in that amount. *See* Dkt. No. 50 at 8.

## V. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS Plaintiff's motion for contempt and sanctions, Dkt. No. 33, and ORDERS as follows: (1) Defendant shall pay $100 per day to the Court for each day she fails to provide the accounting, (2) Defendant shall pay Plaintiff's reasonable attorney's fees and costs in the amount of $5,868.00 expended in securing Defendant's compliance with the Court's orders, and (3) Defendant shall place any funds remaining from the $153,540 she transferred to the Skagit Bank account in her name into the Court's Registry.

DATED this 18th day of September, 2019.

BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE