UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANN R. GEORGE,

        *Plaintiff*,

v.

LONNA L. JACKSON

        *Defendant*.

CASE NO. 2:18-cv-01769-BJR

ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

Before the Court is Defendant Lonna L. Jackson's ("Defendant") Motion for Reconsideration, Dkt. No. 91, of the Court's Order Granting Plaintiff Ann R. George's ("Plaintiff") Motion for Partial Summary Judgment, Dkt. No. 88.[1] Plaintiff opposes reconsideration. Dkt. No. 93. Having reviewed the motion, opposition thereto, the record of the case, and the relevant legal authorities, the Court will deny Defendant's motion.

The Court laid out the background of this case in depth in its previous order. *See* Dkt. No.

---

[1] In full, the Court's order was captioned "Order 1) Granting Motion for Partial Summary Judgment; 2) Granting Motion for Entry of Judgment; and 3) to Disburse Funds from the Court Registry." Dkt. No. 88.

1

88 at 2–6. In brief, Plaintiff alleges that Defendant, her daughter and attorney-in-fact, misappropriated large sums of Plaintiff's assets in violation of Washington's Abuse of Vulnerable Adults Act, RCW § 74.34.005, *et seq.*, and Defendant's fiduciary duties.

Since publication of the Court's order, the Court intended to publish an order clarifying its Order Granting Motion for Partial Summary Judgment on March 3, 2020, but due to a docketing error, the Order Granting Partial Summary Judgment was reposted instead. The correct clarifying order is now available at Dkt. No. 90.[2] The Court, therefore, will not charge Defendant with knowledge of its contents as she submitted her Motion for Reconsideration on March 7, 2020.

"Motions for reconsideration are disfavored." W.D. Wash. Local Rule 7(h)(1) ("L.R. 7(h)(1)"); *see also Doe v. Trump*, 284 F. Supp. 3d 1182, 1184 (W.D. Wash. 2018). Additionally, this Court's standing order makes clear that "Motions for Reconsideration are discouraged" and that motions which "reassert prior arguments or raise new arguments that could have been made earlier will be summarily denied." Dkt. No. 24 at 5. To succeed on a Motion for Reconsideration, the movant must show (1) "manifest error in the prior ruling" or (2) "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." L.R. 7(h)(1); *see also Wilcox v. Hamilton Constr., LLC*, No. 18-cv-1756, 2019 WL 2515332, at *2 (W.D. Wash. June 18, 2019).

Defendant's Motion for Reconsideration consists largely of arguments already rejected by

---

[2] In attempting to replace the misfiled clarifying order, Docketing accidentally replaced the original partial summary judgment order and then corrected the error. To be clear, the attachment now located at Dkt. No. 88 is the Order Granting Partial Summary Judgment that the Court posted on February 21, 2020. The attachment now located at Dkt. No. 90 is the clarifying order that was supposed to have been published on March 3, 2020.

2

this Court and conclusory statements about non-specified evidence which Defendant has had plenty of time to obtain and, yet, has failed to produce. Thus, as recycled argument, Defendant's motion is appropriate to dismiss summarily. *See* Dkt. No. 24 at 5. The main thrust of her argument, however, appears to be that the Court erred by (1) relying on bank records produced by Plaintiff in support of her Motion for Partial Summary Judgment before Defendant could produce bank records in support of her claim that she spent some of the misappropriated funds for her mother's benefit and (2) in its finding that the Gift Document was ineffective and that the actions of Debra George did not preclude partial summary judgment. *See* Dkt. No. 91 at 5–7.

As to the first, as the Court stated in its order on partial summary judgment and reaffirmed in its clarifying order, it was not premature for the Court to grant partial summary judgment. Dkt. No. 88 at 9–10; Dkt. No. 90. Despite her appeal that bank records currently in the record are "subjective and incomplete" and that additional bank records "would show that there were substantial expenditures for the shared family unit of Plaintiff and Defendant," Dkt. No. 91 at 5, Defendant has not been diligent in producing this evidence, which would be solely in her possession and is squarely her duty to provide as her mother's attorney-in-fact. Further, even if Defendant was able to produce records showing she spent some of the misappropriated funds on her mother, this would not negate the fact that she admitted to misappropriating the funds in the first place and using a substantial portion of the funds for her own benefit. *See* Dkt. No. 88 at 11, 12. Thus, whatever records she would be able to produce now, even untimely, would not have precluded partial summary judgment. *See Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 892 (9th Cir. 2012) ("[a] district court abuses its discretion [to deny a request for a continuance of summary judgment pending further discovery] only if the party requesting a continuance can show

3

that allowing additional discovery would have precluded summary judgment"). The Court, therefore, again rejects Defendant's arguments that partial summary judgment was premature, or, here, manifestly erroneous, because of Defendant's desire to obtain additional, unspecified bank records she has failed to procure despite ample time.

As to the second, the Court declines Defendant's invitation to re-litigate the propriety of the Gift Document and Debra George's alleged actions. Dkt. No. 91 at 6–7. The Court addressed both in its order on partial summary judgment and will not do so again here. *See* Dkt. No. 88 at 10–11, 12. For the forgoing reasons, the Court finds neither manifest error nor new facts or legal authority warranting reconsideration and will therefore deny Defendant's motion.

Defendant raises two additional points in her Motion for Reconsideration. First, Defendant argues that the accounting sanctions imposed by this Court based on Defendant's failure to produce an accounting are "onerous and made irrelevant by the February 21st order." Dkt. No. 91 at 2–3. The Court is sympathetic to Defendant's lack of income. However, this does not excuse the fact that for nearly nine months she has failed to comply with this Court's order to account for the transactions taken on her mother's behalf as attorney-in-fact. This is a crucial obligation necessary to determine the propriety of Defendant's actions as attorney-in-fact and caregiver. The Court, again, urges Defendant to recognize the difference between producing bank records pursuant to discovery and producing an accounting pursuant to her statutory, contractual, and Court-ordered duties. *See* Dkt. No. 88 at 12–13. As Defendant herself is arguing that she used some of the misappropriated funds to care for her mother, the Court and a jury have no way to value these expenditures unless Defendant properly accounts for them.

Additionally, it is unclear to the Court whether Defendant's offer to "return $153,540.00

4

to Plaintiff" means that she is still in possession of misappropriated funds that she has not delivered to the Court Registry. Dkt. No. 91 at 3; *see also id.* at 3–4, 7–8. This sum coincides with the total of the August Funds. *See* Dkt. No. 88 at 12. The Court has already ordered Defendant to deposit anything remaining from the August Funds into the Court Registry. *See* Dkt. No. 56. Defendant deposited $20,200.00 pursuant to the Court's order and represented that it was the remainder of the August Funds. Dkt. No. 57, 59. If this is not the case, and Defendant is still in possession of misappropriated funds, the Court urges Defendant to comply with the Court's previous order.

For the foregoing reasons, the Court hereby DENIES Defendant's Motion for Reconsideration. Dkt. No. 91.

DATED this 26th day of March, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE