UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANN R. GEORGE,

*Plaintiff*,

v.

LONNA L. JACKSON

*Defendant*.

CASE NO. 2:18-cv-01769-BJR

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S OMNIBUS MOTION

## I.   INTRODUCTION

Before the Court is Plaintiff Ann R. George's Omnibus Motion seeking (1) voluntary dismissal of her remaining claim; (2) award of attorney's fees, costs, and sanctions; and (3) entry of a judgment against Defendant Lonna L. Jackson in the amount of $234,948.84.[1]  Dkt. No. 95. Defendant has filed a response to the motion opposing only the amount of attorneys' fees, costs, and sanctions claimed by Plaintiff.  Dkt. No. 98.  Having reviewed the motion, opposition thereto,

---

[1] Plaintiff has provided a table illustrating how she reached this number, which represents the sum of unsatisfied damage awards, attorneys' fees and costs, sanctions, and a preceding judgment award. Dkt. No. 95-1 ("Appendix A").

1

the record of the case, and the relevant legal authorities, the Court will grant in part and deny in part Plaintiff's motion.  The Court's reasoning follows.

## II.     BACKGROUND

The Court has set forth the facts of this case in numerous orders, including, most recently, its order granting partial summary judgment, Dkt. No. 88 at 2–6, and order denying reconsideration of that order, Dkt. No. 94 at 1–2.  In brief, the case involves the allegation by Plaintiff, Defendant's elderly mother, that Defendant misappropriated large sums of money from Plaintiff while serving as her attorney-in-fact.  The Court granted Plaintiff's motion for partial summary judgment on her Breach of Fiduciary Duties claim and statutory claim under the Abuse of Vulnerable Adults Act ("AVAA"), RCW § 74.34.005 *et seq.*  Dkt. No. 88.  Plaintiff's motion did not seek summary judgment on her negligence claim.  It is this negligence claim Plaintiff now seeks to dismiss without prejudice.  Dkt. No. 95 at 2.  Defendant does not oppose this request.  *See* Dkt. No. 98.

Prior to partial summary judgment, the Court repeatedly ordered Defendant to produce an accounting of the transactions she conducted as Plaintiff's attorney-in-fact.  Dkt. No. 27.  Defendant failed to produce an accounting.  As a result, on September 18, 2019, the Court imposed sanctions of $100 for each day Defendant failed to comply.  Dkt. No. 56.  As part of that order, the Court also awarded Plaintiff $5,868.00 in reasonable attorneys' fees and costs expended attempting to secure Defendant's compliance with the Court's orders.  Along with the order on partial summary judgment, the Court also entered a judgment for the $5,868.00.  Dkt. No. 88 at 15; *see also* Dkt. No. 89 ("Judgment of February 21, 2020").

On November 27, 2019, at the request of the parties, the Court suspended its daily penalty until it ruled on Plaintiff's then to-be-filed motion for partial summary judgment.  Dkt. No. 68.

The Court ruled on that motion on February 21, 2020 and reinstated its daily penalty. Dkt. No. 88 at 15. Plaintiff in her current motion represents that on March 26, 2020 she received a spreadsheet from Defendant identified as an accounting. Dkt. No. 95 at 4–5. While Plaintiff claims that this spreadsheet does not satisfy the Court's requirements for an accounting, she suggests that this date conclude Defendant's daily penalty. Given the number of days the sanctions were in place, Plaintiff requests sanctions in the amount $10,100.00. *Id.* at 5.

Finally, pursuant to its grant of partial summary judgment, the Court awarded Plaintiff $447,785.64 in damages and ordered the Court Registry to disperse $277,001.98 to Plaintiff recovered from Defendant. Dkt. No. 88 at 15–16. That leaves $170,783.66 unsatisfied.

### III.   DISCUSSION

**A. Attorneys' Fees and Costs**

The AVAA permits a court to fashion relief "it deems necessary" for the protection of vulnerable adults, including awarding reasonable attorneys' fees and costs incurred in bringing an action under the statute. RCW § 74.34.130(5). Defendant does not contest the applicability of attorneys' fees and costs under the AVAA. *See generally* Dkt. No. 98. Plaintiff seeks attorneys' fees totaling $46,270.50 and costs totaling $1,926.68 relying on Defendant's violation of the AVAA. Dkt. No. 95 at 2–4. Defendant challenges the amount of both the fees and the costs.

Attorneys' fees are calculated under the lodestar method. *Sierra Club v. BNSF Ry. Co.*, 276 F. Supp. 3d 1067, 1072 (W.D. Wash. 2017) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008)); *see also MKB Constructors v. Am. Zurich Ins. Co.*, 83 F. Supp. 3d 1078, 1085 (W.D. Wash. 2015) ("[t]he lodestar method is the default principle for fee calculation in Washington") (internal quotations removed). The lodestar figure is determined by multiplying

the number of hours reasonably spent on litigation by a reasonable hourly rate. *DZ Bank AG Deutsche Zentral-Genossenschaftbank, Frankfurt AM Main v. Choice Cash Advance, LLC*, 918 F. Supp. 2d 1156, 1169 (W.D. Wash. 2013); *see also MKB Constructors*, 83 F. Supp. 3d at 1085–86. Defendant does not contest Plaintiff's hourly rates. *See generally* Dkt. No. 98.

Plaintiff has submitted a declaration from her attorney with two attached exhibits attesting to the fees and costs expended in prosecuting this matter. Dkt. No. 96. In total, Plaintiff's counsel claims to have expended 242.60 attorney and support staff hours. Dkt. No. 96 at ¶ 11. Of this, he discounts 25.5 hours as already awarded pursuant to the previous judgment. Dkt. No. 56. He also discounts 21 hours spent performing "administrative tasks, researching unsuccessful legal avenues, and performing tasks for which the client was not billed." Dkt. No. 96 at ¶ 11. The remaining 196.1 hours are detailed in Exhibit 1 to the Declaration and total $46,270.50. Dkt. No. 96-1. Further, Plaintiff's counsel claims $1,926.68 in costs, as detailed in Exhibit 2 to the Declaration. Dkt. No. 96-2.

Defendant objects to two specific aspects of Plaintiff's calculations. Dkt. No. 98 at 3–5. First, she claims that Plaintiff's claimed 31.9 hours to complete her motion for partial summary judgement is overstated and includes duplicative entries. Defendant does not point to any specific entries which she claims are overstated or duplicative. Second, she argues that Plaintiff's descriptions of her costs in Exhibit 2 are not sufficiently detailed. Based on these arguments, Defendant asks the Court to reduce Plaintiff's award, although she does not say by how much, or provide a measure for the Court to determine what amount of a reduction would be appropriate.

Having reviewed Plaintiff's counsel's submission of his hours and being familiar with the record in this case, the Court finds $46,270.50 in fees to be reasonable. Plaintiff's counsels' efforts

in pursuant of partial summary judgment were neither overstated or duplicative. Rather, Plaintiff's counsel has demonstrated how the hours were necessary to organize disorderly and incomplete financial records and compose a motion that effectively demonstrated a series of financial transactions between multiple accounts. Dkt. No. 99 at 3–4.

Further, Plaintiff's counsel explains in his reply brief that the costs found in Exhibit 2 represent a monthly billed fee for access to Lexis Nexus necessary to research the many issues that arose in this case. *Id.* at 4. The Court finds these costs reasonable as well.

**B. Sanctions**

Based on Defendant's failure to produce an accounting and the Court's daily sanctions, Plaintiff asks the Court to assess $10,100.00 in sanctions for Defendant's 101 days of non-compliance with the Court's order (September 19, 2019 to November 27, 2019 and February 22, 2020 to March 25, 2020). Dkt. No. 95 at 4–5; *see also* Dkt. No. 95-1 (including $10,100.00 in her calculation of the total judgment in the Appendix A table).

While the Court does not condone Defendant's failure to comply with the Court's orders in this matter, the Court finds that, in light of the amount of the resulting judgment in this case and Defendant's age and financial condition, imposing a sanction award would be excessive. Therefore, in the exercise of its discretion, the Court will not grant the sanction amount Plaintiff requests.

**C. Judgment**

Based on the foregoing, the Court will enter a superseding judgment reflecting the awards made herein. Dkt. No. 95 at 5. The Court will vacate its previous Judgment of February 21, 2020. Dkt. No. 89. The superseding judgment shall include $170,783.66 in unsatisfied damages,

$46,270.50 in attorneys' fees and $1,926.68 in costs, and $5,868.00 from the previously entered, now-vacated Judgment of February 21, 2020.

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Plaintiff's Omnibus Motion, Dkt. No. 95, and ORDERS as follows:

1. Plaintiff's claim for negligence is hereby DISMISSED without prejudice;
2. Plaintiff's request for $46,270.50 in attorneys' fees and $1,926.68 in costs is GRANTED;
3. The Court's prior imposition of sanctions is vacated and Plaintiff's request for sanctions in the amount of $10,100.00 is DENIED;
4. The Court's Judgment on February 21, 2020 is VACATED and the Court will publish a superseding judgment reflecting the foregoing; and
5. This case is DISMISSED.

DATED this 5th day of May, 2020.

*[signature]*
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE